NUMBER 13-10-00356-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

BILLY BROWN,                                                                                       Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 28th
District Court

of Nueces County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

            On May 18, 2010, pursuant
to an “open” plea, appellant Billy Brown pleaded nolo contendere[1]
to burglary of a habitation, a second-degree felony.  See Tex. Penal Code Ann. § 30.02(a)(1),
(c)(2) (West 2003).  After hearing punishment evidence, the trial court
sentenced appellant to twelve years’ imprisonment.  See id. § 12.33
(West Supp. 2010).  The trial court entered judgment on June 10, 2010.  

I.  Anders
Brief

            Appellant’s appellate
counsel has filed a motion to withdraw and a brief in support thereof in which
he states that he has diligently reviewed the entire record and has concluded
that there is no reversible error.  See Anders v. California, 386 U.S.
738 (1967); High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978).  Counsel has informed this Court that he has (1) examined the
record and has found no arguable grounds to advance on appeal, (2) served
copies of the brief and motion to withdraw on appellant, and (3) informed appellant
of his right to review the record and to file a pro se response.[2] 
See Anders, 386 U.S. at 744; Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991).  More than an adequate time has passed, and no pro
se response has been filed.  See In re Schulman, 252 S.W.3d 403, 409
n.23 (Tex. Crim. App. 2008).  

II. 
Independent Review

Upon receiving an Anders brief,
we must conduct a full examination of all the proceedings to determine whether
the appeal is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988). 
We have reviewed the entire record and counsel’s brief and find that the
appeal is wholly frivolous and without merit.  See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005) (“Due to the nature of Anders
briefs, by indicating in the opinion it considered the issues raised in the
brief and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1.”); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

III.  Motion
to Withdraw

            In accordance with Anders,
appellant’s counsel has filed a motion to withdraw as appellate counsel.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas
1995, no pet.) (“If an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant.  To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief
showing the appellate court that the appeal is frivolous.”) (citations omitted)). 
We grant the motion to withdraw.

            We order that counsel
must, within five days of the date of this opinion, send a copy of the opinion
and judgment to appellant and advise him of his right to file a petition for
discretionary review.[3]
 See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

11th
day of August, 2011.









[1]
The judgment states that appellant pleaded guilty.  The record reflects that
appellant pleaded “no contest” and the trial court explained that such a plea
has the same legal effect as a plea of guilty.

 





[2]
The Texas Court of Criminal Appeals has held that “the pro se response need
not comply with the rules of appellate procedure in order to be considered. 
Rather, the response should identify for the court those issues which the
indigent appellant believes the court should consider in deciding whether the
case presents any meritorious issues.”  In re Schulman, 252 S.W.3d 403,
409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d
693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[3]
No substitute counsel will be appointed.  Should appellant wish to seek further
review by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review or file a pro se petition
for discretionary review.  Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition
for discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See id. R. 68.3, 68.7.  Any petition for
discretionary review must comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See id. R. 68.4.